## E. T. Hitchcock v. City of Chicago.

1. ORDINANCES.—*Measure of Proof, in Prosecutions Under.*—In prosecuting for a penalty for the violation of a city ordinance, it must be shown that the person charged is clearly within the provisions of the ordinance.

**Debt,** for the violation of a city ordinance. Appeal from the Criminal Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed December 16, 1897.

GEORGE A. GARY, attorney for appellant.

The rule is universal that every ingredient of which the offense is composed, must be accurately and clearly expressed in the indictment or information, or the pleading will be held bad on demurrer. U. S. v. Mann, 95 U. S. 580; U. S. v. Cook, 17 Wall. 168; 1 Bishop Cr. Pro. (2d Ed.), Sec. 81; Archbold Cr. Pl. & Ev. (18th Ed.), 54.

And penal offenses created by statute must be accurately and clearly described in the pleadings for the recovery of the penalty. And if the offense can not be so described without expanding the allegations beyond the words of the statute, then the allegations must be expanded to that extent. U. S. v. Mann, 95 U. S. 580.

No essential element can be omitted without destroying the whole pleading. The omission can not be supplied by intendment or implication, and the charge must be made directly and not inferentially, or by way of recital. U. S. v. Hess, 124 U. S. 483; People v. Fesler, 145 Ill. 150; Waddle v. Duncan, 63 Ill. 223.

No appearance for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

The following complaint was filed before a justice of the peace:

Affidavit and complaint of John C. Gardner, dated

December 18, 1896, says that " One E. T. Hitchcock, on or about December 17, 1896, did lease or rent a hall or building where a public entertainment was given, and permit the same to be used for the purpose of giving an entertainment therein for gain, without first obtaining from the mayor the license herein required, either in his own name or the person giving the entertainment, the said E. T. Hitchcock being the lessee or agent of said hall or building, within the jurisdiction of said city, in violation of section 920, Municipal Code, of an ordinance of said city, and contrary to the form of the ordinance in such case made and provided."

" That complainant has reasonable grounds to believe that said E. T. Hitchcock is guilty of such violation of said ordinance."

Warrant was issued by the justice of the peace, and upon trial defendant, plaintiff in error, was found guilty, and judgment was rendered in favor of the city against defendant. Upon appeal to the Criminal Court of Cook County trial was had, and upon verdict finding defendant guilty and assessing the fine, judgment was rendered. From this judgment the appeal is brought here.

The provision of this ordinance of the city of Chicago, upon which the prosecution was based, is as follows:

" Section 920.   License—How taken out—Penalty.—It shall be the duty of every proprietor or lessee of any theater, hall or other building where public entertainments are given, before he permits any person or persons to use the same for the purpose of giving any entertainment therein for gain, to obtain from the mayor the license herein required, either in his own name or in the name of the person proposing to give such entertainment, under a penalty of $50 for each and every violation of this section."

It appears from the evidence that plaintiff in error as agent, rented a public hall to the aid society of a church for a public entertainment, and that tickets of admission were sold for such entertainment.

The one question which is determinative of this appeal, is as to whether the verdict is supported by any evidence that

plaintiff in error was either proprietor or lessee of the hall here shown to have been used for a public entertainment. The only evidence bearing upon this question was the testimony given by Gardner, a police officer, a witness for the prosecution, and the testimony of plaintiff in error. Gardner testified, in substance, that he knew defendant; that defendant had charge, the last he knew, of a public hall at 55th and Halsted streets; that witness asked defendant if he had the renting of that hall, and defendant replied that he did; that defendant never told witness that he was proprietor or lessee of the hall, but did say that he had the renting of it. Defendant, plaintiff in error, testified that he was a druggist; that he had no connection with the hall, except that he rented it for Leander Choate, who was the proprietor, and that witness was neither the proprietor nor the lessee of the hall.

We do not regard this evidence as establishing a violation of the ordinance.

Bouvier defines a proprietor as an owner, and gives no other definition.

In proceeding for a penalty, it must be shown that the person to be charged is clearly within the provisions of the ordinance. The City of Chicago v. Rumpff, 45 Ill. 90.

The judgment is reversed and the cause remanded.